DIETER ZACHER, ESQ. State Bar #165651
dzacher@hotmail.com
THE ZACHER FIRM
17011 Beach Boulevard, Suite 900
Huntington Beach, CA 92647
Telephone: (714) 960-6170
Facsimile: (714) 960-6180
Attorneys for Plaintiff
Julie Stout

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

JULIE STOUT,

    Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; and DOES 1 through 10, inclusive,

    Defendant.

Case No. 8:20-cv-01675-FLA-KES

**DECLARATION OF DIETER ZACHER IN SUPPORT OF EXPARTE MOTION TO CONTINUE TRIAL AND PRE-TRIAL DEADLINES**

Complaint Filed: September 3, 2020
District Judge: Hon. Fernando L. Aenlle-Rocha
Magistrate: Hon. Karen E. Scott

## DECLARATION OF DIETER ZACHER

I, Dieter Zacher, declare:

1. I am an attorney duly admitted to practice law in all courts within the State of California. I am the owner of the Zacher Firm, and I am the attorney with primary responsibility for handling this case on behalf of Plaintiff, Julie Stout, and against Defendant Liberty Life Assurance Company of Boston ("Liberty"). All of the following facts are within my personal knowledge and, if called as a witness, I could and would testify competently as to such matters.

2. The Zacher Firm, including its lawyer Dieter Zacher, attorneys of record

1      Case No. 20-CV-01675 FLA (KESx)
DECLARATION OF DIETER ZACHER IN SUPPORT EXPARTE MOTION TO CONTINUE TRIAL AND PRE-TRIAL DEADLINES

for Plaintiff Julie Stout, moves the Court exparte for an order continuing the Trial and the pre-trial deadlines/briefing schedule and all related dates, to give the parties the opportunity to continue settlement negotiations and to allow Plaintiff's newly retained counsel to have adequate time to prepare the case for trial should it not settle. This motion is made pursuant to Local Rule 11-9 of the United States District Court for the Central District of California, relevant case authority and the inherent powers of the Court to control its proceedings.

3. This action involves Plaintiff's disputed claim for short-term disability ("STD") and long-term disability ("LTD") benefits under an employee welfare benefit plan (the "Plan") governed by the Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"). The STD Plan is self-insured by Plaintiff's former employer, Dassault Systemes ("Dassault"). The LTD Plan was funded by a group policy of LTD insurance issued by Liberty to Dassault. Plaintiff participated in the Plan by virtue of her employment with Dassault. Liberty administered claims for STD and LTD benefits under the Plan.

4. Plaintiff alleges she suffers from chronic and debilitating pelvic, abdominal and lower-back pain, degenerative disc disease in her spine, leg instability that limits her ability to walk, ilioinguinal neuralgia, endometriosis, intestinal adhesions, a thyroid condition, fatigue and side effects from her necessary medications that left her bed-ridden beginning in February 2019. Due to these comorbid conditions, she contends that she can no longer perform the material and substantial duties of her own occupation as a global brand executive with Dassault.

5. Liberty denied Plaintiff's claim for STD benefits on May 15, 2019. Plaintiff submitted an appeal of the denial of her STD claim denial on November 8, 2019, which was upheld by Liberty on March 31, 2020.

6. Lincoln denies Plaintiff's allegations and contends that its denial of the

STD claim was correct. Lincoln alleges that Plaintiff did not exhaust administrative remedies with respect to the LTD benefit.

7. On September 30, 2021, Plaintiff, Julie Stout, for a multitude of reasons, terminated her prior attorney's, the McKennon Law Group PC. Prior counsel, at first, did not want to acknowledge their dismissal. However, after several discussions, they signed and forwarded the Substitution of Attorney on October 5, 2021, five days after their termination was noticed by my office. The Substitution of Attorney was filed October 8, 2021. It is my understanding, based upon discussions with our client, and, not to divulge any attorney client privileges, the relationship between Plaintiff and her prior attorney was somewhat contentious and she could no longer in good conscience allow them to keep representing her. Essentially, the attorney client relationship had broken down and was not repairable. This was not the first time. Predecessor counsel had previously contemplated filing an exparte motion to withdraw [prepared a brief and declaration in that regard], as is based upon my review of the electronic file that was forwarded to me via Dropbox.

8. It is my humble belief that ex parte relief is required because a regularly noticed motion would not be heard in time to rule on the requested continuance. By that time, counsel will have started preparing pre-trial documents and conferring with one another, filing and exchanging briefs – which are due commencing October 15, 2021, thereby incurring additional, and possibly, unnecessary legal fees and costs.

9. It is my belief that Local Rule 7-19 allows the assigned district court Judge to order that any motion may be heard on an exparte basis. That Rule also provides that an exparte motion is appropriate, even if the Judge does not permit it, where a Local Rule permits it. A Local Rule does permit this motion on an exparte basis. Or, stated another way, it doesn't preclude it.

3  Case No. 20-CV-01675 FLA (KESx)
DECLARATION OF DIETER ZACHER IN SUPPORT OF EXPARTE MOTION TO CONTINUE
TRIAL AND PRE-TRIAL DEADLINES

10. On July 28, 2021, the parties appeared before Denise R. Madigan, Esq., for private mediation. The parties were unable to resolve their dispute at that time but have agreed to continue working with Ms. Madigan to achieve a settlement in this matter. I have already executed and returned the mediator's confidentiality agreement and have reached out to her to further discuss the matter.

11. Additionally, the continuance will allow me sufficient opportunity to consult with my client and adequately prepare the case for trial so as not to prejudice Plaintiff. The requested continuance is brief and will allow the parties to continue their settlement negotiations. Neither party will be prejudiced by a continuance. Further, counsel for Defendant has agreed to same in the Stipulation attached to te exparte motion.

12. Plaintiff respectfully requests this Court grant her exparte motion continuing the trial and related pre-trial deadlines by three months, or for whatever time the Court deems appropriate, to allow Ms. Stout time to allow her and new counsel to "get up to speed" and to prepare for trial should the case not settle.

I declare under penalty of perjury under the laws of the United States of America, the State of California that the foregoing is true and correct. Executed on October 12, 2021, in Newport Beach, California.

*Dieter Zacher*

4

Case No. 20-CV-01675 FLA (KESx)
DECLARATION OF DIETER ZACHER IN SUPPORT OF EXPARTE MOTION TO CONTINUE TRIAL AND PRE-TRIAL DEADLINES

# CERTIFICATE OF SERVICE

## PROOF OF SERVICE
*Julie Stout v. Liberty Life Assurance Company of Boston*
Case No. 20-CV-01675 FLA (KESx)

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 17011 Beach Boulevard, Suite 900, Huntington Beach, California, 92647.

On October 12, 2021, I served the following document(s):

**DECLARATION OF DIETER ZACHER IN SUPPORT OF EXPARTE MOTION TO CONTINUE TRIAL AND PRE-TRIAL DATES; STIPULATION TO CONTINUE TRIAL AND PRE-TRIAL DATES**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

| | |
|---|---|
| Byrne J. Decker CA Bar No. 337052<br>byrne.decker@ogletree.com<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>Two Monument Square, Suite 703<br>Portland, ME 04101<br>Telephone:   207-387-2957<br>Facsimile:    207-387-2986 | Attorneys for Defendant<br>Liberty Life Assurance Company of Boston |

☒   **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒   **(Federal):** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on October 12, 2021, at Huntington Beach, California.

Dated: October 12, 2021

_____
Dieter Zacher