**SANDS & ASSOCIATES**
HELENI E. SUYDAM, Of Counsel, SBN 203833
KRIS DEMIRJIAN, SBN 252767
232 North Canon Drive, 1st Floor
Beverly Hills, CA 90210
Telephone:   (310) 859-6644
Facsimile:    (310) 859-6650
e-mail: sandslaw@sandslaw.net

Attorneys for Plaintiffs
JULIE ANN WILSON

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JULIE ANN WILSON, an individual<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>DASSAULT SYSTEMES AMERICAS CORP., INC.; and DOES 1 through 100, Inclusive,<br><br>　　　　　　　Defendants.<br>_____ | Case No. 20STCV00216<br>[Complaint Filed: 01/03/2020]<br>[Hon.: Elaine Lu  Dept. 26]<br><br><br>**PLAINTIFFS RESPONSE TO DEFENDANT DASSAULT SYSTEMES AMERICAS CORP.'S FORM INTERROGATORIES-EMPLOYMENT LAW, SET ONE** |

PROPOUNDING PARTY:    Defendant DASSAULT SYSTEMES AMERICAS CORP.

RESPONDING PARTY:    Plaintiff JULIE ANN WILSON

SET NUMBER:    ONE

　　　Pursuant to Code of Civil Procedure §2030.010 et seq., Responding Party, Plaintiff JULIE ANN WILSON responds to the Form Interrogatories -Employment Law, Set One propounded by Defendant, DASSAULT SYSTEMES AMERICAS CORP.

1

**PLAINTIFFS RESPONSE TO DEFENDANT DASSAULT SYSTEMES AMERICAS CORP.'S FORM INTERROGATORIES-EMPLOYMENT LAW, SET ONE**

PRELIMINARY STATEMENT

At the time of responding to the Interrogatories, Responding Party has not completed discovery in this action and has not had the opportunity to interview or depose all potential witnesses to the facts and circumstances giving rise to the action.

Responding Party will continue to assess and analyze the facts and gather and review documents and other evidence in connection with the action. Responding Party, therefore, expressly reserves the right to introduce, refer to and rely on any information, facts or other evidence hereafter discovered or produced by any party in this action to support their contentions or refute the contentions of other parties.

The following response and objections are based upon information presently available to Responding Party. Responding Party is not making any incidental or implied admissions regarding the content of these interrogatory responses. The fact that Responding Party has responded or objected to any interrogatory or part thereof should not be taken as an admission that Responding Party accepts or admits the existence of any facts set forth or assumed by Propounding Party's Interrogatory, or that such response or objection pursuant to the Interrogatory constitutes admissible evidence. The fact that Responding Party answers part or all of any Interrogatory is not intended and shall not be construed to be a waiver by Responding Party of all or any part of any objections to any Interrogatory.

It should be noted that this responding party has not fully completed its investigation of the facts relating to this case, and has not fully completed its discovery in this action. All of the responses contained herein are based only upon such information and documents which are personally available to and specifically known to this responding party as of the time of the response. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts as well as establish entirely new factual conclusions and legal

contentions, all of which may lead to substantial additions, changes, and variations to the contentions herein set forth.

The following responses are given without prejudice to responding party's rights to produce evidence and any subsequently discovered facts which this responding party may later recall. Responding party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analysis is made, legal research is completed and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and specific legal contentions as are presently known, but should in no way be to the prejudice to this responding party in relation to further discovery, research or future analysis.

## GENERAL STATEMENT AND OBJECTIONS

Responding Party makes the following general objections ("General Objections"), whether or not separately set forth in response to each specific Interrogatory:

A. Responding Party objects to all definitions, instructions and Interrogatories to the extent that they request information containing communications or other matters protected by the attorney-client privilege, the work product privilege, or any other applicable privilege or immunity. Such responses as may hereafter occur pursuant to the Interrogatory request shall not include any information so protected and any such responses are not intended to be and shall not be deemed a waiver of such privilege or immunity.

B. Responding Party objects to all definitions, instructions and Interrogatory requests to the extent that they request information that contains or constitutes confidential or private information of Responding Party protected from disclosure pursuant to California Code of Civil procedure §2017, Section 1 of the California Constitution and the rights of privacy guaranteed thereunder, and any other applicable

privacy statute or law.

  C. To the extent that any or all of the Interrogatory requests call for information which constitutes information or material prepared in anticipation of litigation or for trial or for information or material covered by the work product doctrine, or the privilege of privacy (including the freedom of association and financial privacy), or which constitutes information which is otherwise privileged or related to confidential information or the attorney-client privilege, Responding Party objects to responding to such interrogatory request and thus will not supply or render any information so protected.

  D. Responding Party objects to all definitions, instructions and interrogatory requests to the extent that they purport to impose upon Responding Party obligations greater than or inconsistent with those imposed by California Code of Civil procedure §2017 or §2030.

  E. Responding Party reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility of evidence in any proceeding in or trial of this or any other action relevant to information provided in response to the interrogatory request.

  F. Responding Party's indication, if any, that it (subject to objections) responds to a specific request means that Responding Party provide the information only to the extent that such information currently exists. This limitation modifies, and forms a part of, each and every response set forth below, and is hereby incorporated therein by reference.

  G. Responding Party objects to each interrogatory request to the extent that it is overbroad, burdensome and harassing.

  H. Responding Party objects to each interrogatory request to the extent that it is irrelevant in that it is not calculated to lead to the discovery of admissible evidence.

# RESPONSE TO FORM INTERROGATORIES - EMPLOYMENT LAW

**200.0 Contract Formation**

200.1 Do you content that the EMPLOYMENT relationship was "at will"? If so,

    (a)    state all facts upon which you base this contention;

    (b)    state the name, ADDRESS, and telephone number of each PERSON who has knowledge of those facts; and

    (c)    identify all DOCUMENTS that support your contention.

**RESPONSE TO FORM INTERROGATORY NO. 200.1**

Yes. There was no employment contract.

200.2 Do you contend that the EMPLOYMENT relationship was not "at will"? If so,

    (a)    state all facts upon which you base this contention;

    (b)    state the name, ADDRESS, and telephone number of each PERSON who has knowledge of those facts; and

    (c)    identify all DOCUMENTS that support your contention.

**RESPONSE TO FORM INTERROGATORY NO. 200.2**

N/A

200.3 Do you contend that the EMPLOYMENT relationship was governed by any agreement — written, oral, or implied? If so,

    (a)    state all facts upon which you base this contention;

    (b)    state the name, ADDRESS, and telephone number of each PERSON who has knowledge of those facts; and

    (c)    identify all DOCUMENTS that support your contention.

**RESPONSE TO FORM INTERROGATORY NO. 200.3**

The employment was "at will"

1  200.4  Was any part of the parties' EMPLOYMENT relationship governed in whole or in part
2         by any written rules, guidelines, policies, or procedures established by the
3         EMPLOYERS?  If so, for each DOCUMENT containing the written rules, guidelines,
4         policies, or procedures:
5         (a)  state the date and title of the DOCUMENT and a general description of its
6              contents;
7         (b)  state the manner in which the DOCUMENT was communicated to employees;
8              and
9         (c)  state the manner, if any, in which employees acknowledged either receipt of the
10             DOCUMENT or knowledge of the contents.
11 **RESPONSE TO FORM INTERROGATORY NO. 200.4**
12 Responding party is unable to respond to this interrogatory without obtaining a complete copy of
13 all the rules, guidelines, policies, and procedures of Dassault.
14 200.5   Was any part f the parties EMPLOYMENT relationship covered by one or more
15         collective bargaining agreements or memorandum of understanding between the
16         EMPLOYER (or an association of employers) and any labor union or bargaining
17         agreement or memorandum of understanding, state:
18        (a)  the names and ADDRESSES of the parties to the collective bargaining agreement
19             or memorandum of understanding;
20        (b)  the beginning and ending dates, if applicable, of the collective bargaining
21             agreement or memorandum of understanding; and
22        (c)  which partes of the collective bargaining agreement or memorandum of
23             understanding, if any, govern (1) any dispute or claim referred to in the
24             PLEADINGS and (2) the rules or procedures for resolving any dispute or claim
25             referred to in the PLEADINGS.
26 ///

**RESPONSE TO FORM INTERROGATORY NO. 200.5**

Not to responding party's knowledge at this time..

200.6   Do you content that the EMPLOYEE and the EMPLOYER were in a business relationship other than an EMPLOYMENT relationship?  If so, for each relationship:

    (a)   state the names of the parties to the relationship;

    (b)   identify the relationship; and

    (c)   state all facts upon which you base your contention that the parties were in a relationship other than an EMPLOYMENT relationship.

**RESPONSE TO FORM INTERROGATORY NO. 200.6**

No.

**204.0   Disability Discrimination**

204.1   Name and describe each disability alleged in the PLEADINGS.

**RESPONSE TO FORM INTERROGATORY NO. 204.1**

3 Fractured Discs, Hashimoto's Disease, due to being infected by Black toxic mold, Auto Immune Disorder, Ovarian Disease

204.2   Does the EMPLOYEE allege any injury or illness that arose out of or in the course of EMPLOYMENT?  If so, state;

    (a)   the nature of such injury or illness;

    (b)   how such injury or illness occurred;

    (c)   the date on which such injury or illness occurred;

    (d)   whether EMPLOYEE has filed a workers' compensation claim.  If so, state the date and outcome of the claim; and

    (e)   whether EMPLOYEE has filed or applied for disability benefits of any type.  If so, state the date, identify the nature of the benefits applied for, and the outcome of any such application.

///

**RESPONSE TO FORM INTERROGATORY NO. 204.2**

Responding party is not alleging the injuries were caused by the employer. Responding party is alleging employer would not accommodate responding party's disabilities and terminated her instead.

204.3   Where there any communications between the EMPLOYEE (or the EMPLOYEE'S HEALTH CARE PROVIDER) and the EMPLOYER about the type or extent of any disability of EMPLOYEE?  If so:

    (a)   state the name, ADDRESS, and telephone number of each person who made or received the communications;

    (b)   state the name, ADDRESS, and telephone number of each PERSON who witnessed the communications;

    (c)   describe the date and substance of the communications; and

    (d)   identify each DOCUMENT that refers to the communications.

**RESPONSE TO FORM INTERROGATORY NO. 204.3**

Yes. There are many emails with employee regarding employees disability. Responding party requested access to all her emails prior to filing a lawsuit, but was denied by Dassault. Responding party is producing all emails in her possession that outline her communications with the company regarding her disability. The individuals with whom there are written communications were: Melanie Boucher, Rich Arco, Bruno Latchague, Lawrence Barthes, Bill Manning, Linda Fifield. All of whom are employed by defendant.

204.4   Did the EMPLOYER have any information about the type, existence, or extent of any disability of EMPLOYEE other than from communications with the EMPLOYEE or the EMPLOYEE'S HEALTH CARE PROVIDER?  If so, state the sources and substance of that information and the name, ADDRESS, and telephone number of each PERSON who provided or received the information.

**RESPONSE TO FORM INTERROGATORY NO. 204.4**

Yes. Employee's medical providers provided the employer with letters stating employee had a disability and needed time off.

204.5  Did the EMPLOYEE need any accommodation to perform any function of the EMPLOYEE's job position or need a transfer to another position as an accommodation? If so, describe the accommodations needed.

**RESPONSE TO FORM INTERROGATORY NO. 204.5**

Yes. Employee requested accommodations and time off but was denied and terminated instead.

204.6  Were there any communications between the EMPLOYEE (or the EMPLOYEE'S HEALTH CARE PROVIDER) and the EMPLOYER about any possible accommodation of EMPLOYEE?  If so, for each communication:

(a) state the name, ADDRESS, and telephone number of each PERSON who made or received the communication;

(b) state the name, ADDRESS, and telephone number of each PERSON who witnessed the communication;

(c) describe the date and substance of the communication; and

(d) identify each DOCUMENTS that refers to the communication.

**RESPONSE TO FORM INTERROGATORY NO. 204.6**

Yes, there were emails and telephone calls regarding responding party's need for accommodations. Many of the communications were done via e-mail or referenced in emails. Responding party is producing all the emails in her possession, custody, or control. The emails were about employee's need for accommodations and time off. They were with: Melanie Boucher, Rich Arco, Bruno Latchague, Lawrence Barthes, Bill Manning, Linda Fifield. All of whom are employed by defendant.

204.7  What did the EMPLOYER consider doing to accommodate the EMPLOYEE?  For each accommodation considered:

  (a) describe the accommodation considered;

  (b) state whether the accommodation was offered to the EMPLOYEE;

  (c) state the EMPLOYEE's response; or

  (d) if the accommodation was not offered, state all the reasons why this decision was made;

  (e) state the name, ADDRESS, and telephone number of each PERSON who on behalf of EMPLOYER made any decision about what accommodations, if any, to make for the EMPLOYEE; and

  (f) state the name, ADDRESS, and telephone number of each PERSON who on behalf of the EMPLOYER made or received any communications about what accommodations, if any, to make the EMPLOYEE.

**RESPONSE TO FORM INTERROGATORY NO. 204.7**

Responding party requested reasonable accommodations but was never provided any. When responding party took time off for disability, she was quickly pressured to return to work, which also caused responding party to delay taking more time off. Ultimately, responding party was terminated with no accommodation provided.

**205.0 Discharge in Violation of Public Policy**

205.1 Do you contend that the EMPLOYER took any ADVERSE EMPLOYMENT ACTION against you in violation of public policy?  If so:

  (a) identify the constitutional provision, statute, regulation, or other source of the public policy that you contend was violated; and

  (b) state all facts upon which you base your contention that the EMPLOYER violated public policy.

**RESPONSE TO FORM INTERROGATORY NO. 205.1**

Responding party took an adverse employment action of terminating responding party while she was out on disability leave. Responding party provided a note from her medical provider taking

her off work. She was then terminated due to having a disability and seeking time off.

**207.0  Internal Complaints**

207.2  Did the EMPLOYEE complaint to the EMPLOYER about any of the unlawful conduct alleged in the PLEADINGS? If so, for each complaint:

    (a)    state the date of the complaint;

    (b)    state the nature of the complaint;

    (c)    state the name and ADDRESS of each PERSON to whom the complaint was made;

    (d)    state the name, ADDRESS, telephone number, and job title of each PERSON who investigated the complaint;

    (e)    state the name, ADDRESS, telephone number and job title of each PERSON who participated in making the decisions about how to conduct the investigation;

    (f)    state the name, ADDRESS, telephone number, and job title of each PERSON who was interviewed or who provided an oral or written statement as part of the investigation of the complaint;

    (g)    state the nature and date of any action taken in response to the complaint;

    (h)    state whether the EMPLOYEE who made the complaint was made aware of the actions taken by the EMPLOYER in response to the complaint, and, if so, state how and when;

    (I)    identify all DOCUMENTS relating to the complaint, the investigation, and any action taken in response to the complaint; and

    (j)    state the name, ADDRESS, and telephone number of each PERSON who has knowledge of the EMPLOYEE's complaint or the EMPLOYER's response to the complaint.

**RESPONSE TO FORM INTERROGATORY NO. 207.2**

Yes. The information regarding the internal complaints would be in the possession of defendant.

Responding party attempted to obtain all her emails in order to have the complete picture, but was denied that request pre-litigation. Responding party will produce all the emails in her possession, custody, and control that outline her complaints.

**208.0 Governmental Complaints**

208.1 Did the EMPLOYEE file a claim, complaint, or charge with any governmental agency that involved any of the material allegations made in the PLEADINGS? If so, for each claim, complaint, or charge:

    (a) state the date on which it was filed;

    (b) state the name and ADDRESS of the agency with which it was filed;

    (c) state the number assigned to the claim, complaint, or charge by the agency;

    (d) state the nature of each claim, complaint, or charge made;

    (e) state the date on which the EMPLOYER was notified of the claim, complaint, or charge;

    (f) state the name, ADDRESS, and telephone number of all PERSONS within the governmental agency with whom the EMPLOYER has had any contact or communication regarding the claim, complaint, or charge;

    (g) state whether a right to sue notice was issued and, if so, when; and

    (h) state whether any findings or conclusions regarding the complaint or charge have been made, and, if so, the date and description of the agency's findings or conclusions.

<u>**RESPONSE TO FORM INTERROGATORY NO. 208.1**</u>

Yes. Responding party filed a FEHA complaint in order to obtain a right to sue letter, which was attached the Complaint.

**209.0 Other Employment Claims by Employee or Against Employer**

209.1 Except for this action, in the past 10 years has the EMPLOYEE filed a civil action against any employer regarding the EMPLOYEE's employment? If so, for each civil

action:

    (a)    state the name, ADDRESS, and telephone number of each employer against whom the action was filed;

    (b)    state the court, names of the parties, and case number of the civil action;

    (c)    state the name, ADDRESS, and telephone number of any attorney representing the EMPLOYEE; and

    (d)    state whether the action has been resolved or is pending.

**RESPONSE TO FORM INTERROGATORY NO. 209.1**

Yes. Responding party filed an action against Infor in Los Angeles, Superior Court, which was then removed to the Central District of California. The case number is 18-6936-GW(SSx). The case ultimately settled.

209.2: Except for this action, in the past 10 years has any employee filed a civil action against the EMPLOYER regarding his or her employment? If so, for each civil action:

    (a)    state the name, ADDRESS, and telephone number of each employee who filed the action;

    (b)    state the court, names, of the parties, and case number of the civil action;

    (c)    state the name, ADDRESS, and telephone number of any attorney representing the EMPLOYER; and

    (d)    state whether the action has been resolved or is pending.\

**RESPONSE TO FORM INTERROGATORY NO. 209.2**

N/A

**210.0  Loss of Income — Interrogatories to Employee**

210.1  Do you attribute any loss of income, benefits, or earning capacity to any ADVERSE EMPLOYMENT ACTION? (*If your answer is "no", do not answer Interrogatories 210.2 through 210.6*)

**RESPONSE TO FORM INTERROGATORY NO. 210.1**

13

**PLAINTIFFS RESPONSE TO DEFENDANT DASSAULT SYSTEMES AMERICAS CORP.'S FORM INTERROGATORIES-EMPLOYMENT LAW, SET ONE**

Yes.

210.2   State the total amount of income, benefits, or earning capacity you have lost to date and how the amount was calculated.

**RESPONSE TO FORM INTERROGATORY NO. 210.2**

Responding party lost her benefits and salary.

210.3   Will you lose income, benefits, or earning capacity in the future as a result of any ADVERSE EMPLOYMENT ACTION?  If so, state the total amount of income, benefits, or earning capacity you expect to lose, and how the amount was calculated.

**RESPONSE TO FORM INTERROGATORY NO. 210.3**

No.

210.4   Have you attempted to minimize the amount of your lost income?  If so, describe how; if not, explain why not.

**RESPONSE TO FORM INTERROGATORY NO. 210.4**

Responding party applied for other jobs.

210.5   Have you purchased any benefits to replace any benefits to which you would have been entitled if the ADVERSE EMPLOYMENT ACTION had not occurred?  If so, state the cost for each benefit purchased.

**RESPONSE TO FORM INTERROGATORY NO. 210.5**

Yes.

210.6   Have you obtained other employment since any ADVERSE EMPLOYMENT ACTION? If so, for each new employment:

    (a)   state when the new employment commenced;

    (b)   state the hourly rate or monthly salary for the new employment; and

    (c)   state the benefits available from the new employment.

**RESPONSE TO FORM INTERROGATORY NO. 210.6**

Yes.

**212.0   Physical, Mental, or Emotional Injuries — Interrogatories to Employee**

212.1  Do you attribute any physical, mental, or emotional injuries to the ADVERSE EMPLOYMENT ACTION? *(If your anser is "no," do not answer Interrogatories 212.2 through 212.7)*

**RESPONSE TO FORM INTERROGATORY NO. 212.1**

Yes.

212.2  Identify each physical, mental, or emotional injury that you attribute to the ADVERSE EMPLOYMENT ACTION and the area of your body affected.

**RESPONSE TO FORM INTERROGATORY NO. 212.2**

Responding party suffered emotional distress due to the actions of defendant.

212.3  Do you still have any complaints of physical, mental, or emotional injuries that you attribute to the ADVERSE EMPLOYMENT ACTION? If so, for each complaint state:

   (a)   a description of the injury;

   (b)   whether the complaint is subsiding, remaining the same, or becoming worse; and

   (c)   the frequency and duration.

**RESPONSE TO FORM INTERROGATORY NO. 212.3**

Responding party suffered emotional distress due to the actions of defendant.

212.4  Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure section 2034) or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the ADVERSE EMPLOYMENT ACTION? If so, for each HEALTH CARE PROVIDER state:

   (a)   the name, ADDRESS, and telephone number;

   (b)   the type of consultation, examination, or treatment provided;

   (c)   the dates you received consultation, examination, or treatment; and

   (d)   the charges to date.

**RESPONSE TO FORM INTERROGATORY NO. 212.4**

Responding party has produced all her medical history that outlines her damages in the form of a letter sent to Lincoln Financial Group.

212.5  Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the ADVERSE EMPLOYMENT ACTION? If so, for each medication state:

    (a)    the name of the medication;

    (b)    the name, ADDRESS and telephone number of the PERSON who prescribed or furnished it;

    (c)    the date prescribed or furnished;

    (d)    the dates you began and stopped taking it; and

    (e)    the cost to date.

**RESPONSE TO FORM INTERROGATORY NO. 212.5**

Responding party has produced all her medical history that outlines her damages in the form of a letter sent to Lincoln Financial Group.

212.6  Are there any other medical services not previously listed in response to interrogatory 212.4 (for example, ambulance, nursing, prosthetics) that you received for injuries attributed to the ADVERSE EMPLOYMENT ACTION? If so, for each service state:

    (a)    the nature;

    (b)    the date;

    (c)    the cost; and

    (d)    the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER.

**RESPONSE TO FORM INTERROGATORY NO. 212.6**

No.

212.7  Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the ADVERSE EMPLOYMENT ACTION? If so, for each injury state:

    (a)    the name and ADDRESS of each HEALTH CARE PROVIDER;

    (b)    the complaints for which the treatment was advised; and

    (c)    the nature, duration, and estimated cost of the treatment.

**PLAINTIFFS RESPONSE TO DEFENDANT DASSAULT SYSTEMES AMERICAS CORP.'S FORM INTERROGATORIES-EMPLOYMENT LAW, SET ONE**

**RESPONSE TO FORM INTERROGATORY NO. 212.7**

Responding party has produced all her medical history that outlines her damages in the form of a letter sent to Lincoln Financial Group.

**213.0   Other Damages — Interrogatories to Employee**

213.1   Are there any other damages that you attribute to the ADVERSE EMPLOYMENT ACTION?  If so, for each item of damage state:

(a)   the nature;

(b)   the date it occurred;

(c)   the amount; and

(d)   the name, ADDRESS, and telephone number of each PERSON who has knowledge of the nature or amount of the damage.

**RESPONSE TO FORM INTERROGATORY NO. 213.1**

No.

213.2   Do any DOCUMENTS support the existence or amount of any item of damages claimed in Interrogatory 213.1?  If so, identify the DOCUMENTS and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**RESPONSE TO FORM INTERROGATORY NO. 213.2**

N/A

DATED: June 4, 2020                                         SANDS & ASSOCIATES

                                                            /s/ Kris Demirjian
                                                            HELENI E. SUYDAM
                                                            KRIS DEMIRJIAN
                                                            Attorneys for Plaintiff,
                                                            JULIE ANN WILSON

# **VERIFICATION**

I, JULIE ANN WILSON, Plaintiff, have read the foregoing document entitled RESPONSE TO FORM INTERROGATORIES - EMPLOYMENT LAW, SET ONE and know the contents thereof, and certify that the same are true of my own knowledge except those allegations made upon information and belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of April, 2020, at _____, California.

_____

By:    Plaintiff, JULIE ANN WILSON

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 232 N. Canon Drive., First Floor, Beverly Hills, CA 90210.

On June 4, 2020 I served the foregoing document described as:

**PLAINTIFFS RESPONSE TO DEFENDANT DASSAULT SYSTEMES AMERICAS CORP.'S FORM INTERROGATORIES-EMPLOYMENT LAW, SET ONE**

(X)  (VIA E-MAIL SERVICE)

JEFFREY P. AMES
james@paulplevin.com

JACQUELINE SEITER
jseiter@paulplevin.com

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP
101 West Broadway, Ninth Floor
San Diego, California 92101-8285

( )  (BY US MAIL) I mailed such envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.

( )  (BY PERSONAL SERVICE) I caused to have the foregoing document personally delivered at the Courthouse.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Susan Asmaryan
SUSAN ASMARYAN

**PROOF OF SERVICE**