Electronically FILED by Superior Court of California, County of Los Angeles on 01/03/2020 02:39 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV00218

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Elaine Lu

1    **SANDS & ASSOCIATES**
     HELENI E. SUYDAM, Of Counsel, SBN 203833
2    KRIS DEMIRJIAN; SBN 252767
     232 North Canon Drive, 1st Floor
3    Beverly Hills, CA 90210
     Telephone:    (310) 859-6644
4    Facsimile:     (310) 859-6650
     e-mail: sandslaw@sandslaw.net
5
     Attorneys for Plaintiffs
6    JULIE ANN WILSON

7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF LOS ANGELES**

10

| | |
|---|---|
| JULIE ANN WILSON, an individual | Case No. _____ |
| | [Complaint Filed: _____ ] |
| Plaintiffs, | [Hon. _____ : Dept. __ ] |
| v. | |
| DASSAULT SYSTEMES AMERICAS CORP., INC.; and DOES 1 through 100, Inclusive, | **COMPLAINT FOR DAMAGES** |
| | 1.   AGE/GENDER/ DISCRIMINATION |
| Defendants. | 2.   FAILURE TO PREVENT HARASSMENT AND DISCRIMINATION |
| | 3.   RETALIATION |
| | 4.   FAILURE TO ACCOMMODATE |
| | 5.   FAILURE OF EMPLOYER TO ENGAGE IN GOOD FAITH INTERACTIVE PROCESS |
| | 6.   WRONGFUL TERMINATION |
| | 7.   INTENTIONAL INFLICTION |

///
///
///
///
///

1

1  Plaintiff JULIE ANN WILSON alleges as follows:

2  **PRELIMINARY ALLEGATIONS**

3  1.    This is an action brought by the Plaintiff, JULIE ANN WILSON (Plaintiff was
4        named Julie Wilson Stout during the duration of her employment, but has since been
5        divorced), (hereinafter referred to as "Plaintiff") who at all relevant times was a
6        resident of the State of California, County of Los Angeles.

7  2.    Defendant, DASSAULT SYSTEMES AMERICAS CORP., INC. ("Dassault") is a
8        Delaware corporation that does business in the State of California.

9  3.    The true names and capacities of the Defendants, DOES 1 through 100, inclusive,
10       whether individual, corporate, associate or otherwise, are unknown to Plaintiffs at the
11       time of filing this Complaint and Plaintiff, therefore, sues said Defendants by such
12       fictitious names and will seek leave to amend this Complaint to show their true
13       names or capacities when the same have been ascertained.  Plaintiffs are informed
14       and believe, and based thereon allege, that each of the DOE Defendants is, in some
15       manner, responsible for the events and happenings herein set forth and proximately
16       caused injury and damages to the Decedent as herein alleged.

17 4.    At all times herein mentioned, each of the Defendants was the agent, affiliate,
18       associate, partner and/or employee of each of the remaining Defendants and was, at
19       all times herein mentioned, acting within the scope of said agency, employment
20       and/or relationship. Plaintiffs are informed and believe, and based thereon allege, that
21       any corporate/institutional Defendants herein, and each of them, authorized and
22       ratified the acts of each and every other Defendant.

23 **GENERAL ALLEGATIONS**

24 5.    Ms. Stout is an individual with a long history of multiple surgical procedures, including
25       laparoscopic procedures x3, laparotomies x2, status post LSO.

26 6.    To summarize Ms. Stout's medical history, Ms. Stout has three fractured discs, and suffers
27       severe pain from those spinal conditions. Her right knee and leg/ankle are disabled to the

28

1      point that she is falling down constantly. She has ovarian disease, for which she has had 11

2      operations. She has mold- exposure issues (including a thyroid condition known as

3      Hashimoto's disease, which left her bedridden), blood disorders, PTSD from domestic

4      violence and major depressive disorder. She has had severe illnesses from toxic mold

5      (including a thyroid condition known as "Hashimoto's" Disease), including multiple bouts

6      of pneumonia and an ER visit for her knee and the three fractured discs. After being on

7      disability for two weeks, she fell down 16 stairs due to dizziness from these conditions. She

8      tore her ACL and bruised her right ankle/calf. As set forth in more detail, Ms. Stout has had

9      abdominal issues, with 11 operations for ovarian disease/endometriosis. Her Cedars-Sinai

10      Pain Specialist, OB/GYN Surgeon, ENT specialist and family physician have all certified

11      that she is disabled from work.

12   7.    Ms. Stout was been continuously employed by Dassault since April 4, 2018 until she was

13      ultimately terminated effective March 5, 2019.

14   8.    At the time of her hiring, Ms. Stout informed Dassault that she had a medical disability.

15   9.    Ms. Stout was hired as a Senior Sales Representative.

16   10.  In December 2018, Plaintiff was so that her to go out on disability at that time. At that time,

17      Plaintiff went out on disability. While on disability she faced constant pressure to return to

18      work and ultimately decided that, despite her doctors orders, that she would return to work

19      in order to make sure she did not suffer an adverse employment action. At the time,

20      Plaintiff's physician had put her on travel restrictions, which was communicated to

21      Defendant. Plaintiff's manager became angry with Plaintiff that she was not able to travel.

22      While Defendant did ultimately accommodate Plaintiff's travel restrictions at that time, it

23      was made clear by her manager, that they were not happy with the arrangement.

24   11.  While Plaintiff was on travel restrictions, she requested a transfer to a different role that

25      would better accommodate her restrictions. Her request was never granted.

26   12.  As Plaintiff's medical condition became worse, the HR manager kept calling and emailing

27      Plaintiff and demanded Plaintiff put her PTO into the system, despite Plaintiff being too sick

28

**EXHIBIT B**

1    to do so. Her benefits manager, Bill Manning told her to use her PTO and keep track of the

2    time taken. Plaintiff did keep track of the time and emailed HR about her time off, but they

3    continued their demand that it must be entered into the system. At one point, she was

4    provided assistance in putting the PTO into the system, but there was then an error in the

5    system that prevented Plaintiff from putting her PTO into the Dessault system. Plaintiff,

6    upon being continuously harassed to put in her time, would inform Defendant that she was

7    too sick to put into the system, which was having technical issues.

8   13.   On February 19, 2019, Ms. Stout sent an email to Bill Manning and Melanie Boucher of

9    Dassault updating them on the fact that her doctor had put her on disability and she will

10    further update them once the specialist determines what the plan would be for Ms. Stout to

11    undergo surgery.

12  14.   On February 20, 2019, Melanie Boucher responded to Ms. Stout's 2/19/19 email by stating

13    Bill Manning, who was cc'd on the email, can discuss the STD process so she can start the

14    application.

15  15.   Ms. Stout responded to Ms. Boucher's 2/20/19 email by stating she was waiting for the State

16    Disability documents to come in the mail and she will have her doctor fill it out at that time.

17    Ms. Stout had difficulty filling out the form online as her medical records are kept under an

18    alias as she is a victim of domestic abuse. Ms. Stout also informed Ms. Boucher that she

19    has already been provided the STD policy and instructions from Bill and was keeping him

20    in the loop. She further informed Ms. Boucher that, despite being unable to work and put

21    on disability by her doctor, she would try and get some work done at home if she can.

22  16.   On March 1, 2019, while Ms. Stout was on disability leave and waiting for her state

23    disability application to be completed by her physician, Dassault was pressuring Ms. Stout

24    to put her time into the ADP system. On the same day, Ms. Stout sent Ms. Boucher and the

25    payroll department confirming that her time had been entered into the system and requested

26    help along with payroll as there was an error with the system and Ms. Stout was not able to

27    get the software to process the information accordingly. Ms. Stout sent a screen shot of her

4

28

1    ·failure notice in an attempt for assistance, to which nobody ever responded.

2    17.    Instead of assisting Ms. Stout with her problems and attempt to discuss reasonable

3           accommodations upon return from her disability leave, Dassault continued to harass Ms.

4           Stout and ultimately terminated her employment on March 5, 2019.

5    18.    Ms. Stout attempted to engage in the interactive process with Dassault, who refused to

6           entertain any discussions regarding accommodating Ms. Stout for her disability.

7                          **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8    19.    Prior to the initiation of this lawsuit, Plaintiff filed a complaint against each named

9           Defendant with the DFEH pursuant to section 12900, et seq. of the California Government

10          Code, alleging the claims described in this Complaint. On December 20, 2019, the DFEH

11          issued a "Right to Sue" letter, which is attached hereto as Exhibit A. All conditions

12          precedent to the institution of this lawsuit have been fulfilled.

13                                **FIRST CAUSE OF ACTION**

14                                **DISABILITY DISCRIMINATION**

15                            . **FEHA, Cal.Gov.Code §12940 et. seq.**

16                                  **(Against All Defendants)**

17   14.    As a separate and distinct cause of action, Plaintiff complains and re-alleges all allegations

18          contained in this Complaint, and incorporates them by reference into this cause of action as

19          though fully set forth herein, excepting those allegations which are inconsistent with this

20          cause of action.

21   15.    California Government Code §12940 provides that "It shall be an unlawful employment

22          practice, unless based upon a bona fide occupational qualification, or, except where based

23          upon applicable security regulations established by the United States or the State of

24          California (a) For an employer, because of the race, religious creed, color, national origin,

25          ancestry, physical disability, mental disability, medical condition, marital status, sex, age,

26          or sexual orientation of any person, to refuse to hire or employ the person or to refuse to

27          select the person for a training program leading to employment, or to bar or to discharge the

28                                              5

**EXHIBIT B**

1   person from employment or from a training program leading to employment, or to

2   discriminate against the person in compensation or in terms, conditions, or privileges of

3   employment.

4   16.   Defendant is a business entity. regularly employing at least the minimum number of

5   employees upon which certain legal duties and obligations arise under various laws and

6   statutes, including the Fair Employment and Housing Act. At all times herein mentioned in

7   this complaint, Government Code §12940 and Government Code §12926.1 were in full

8   force and effect and were binding on the Defendant and the Defendant was subject to its

9   terms. These sections require Defendant, as an employer, to refrain from discriminating

10   against any employee on the basis of age.

11   17.   Plaintiff, at all times herein mentioned was "disabled," as defined by Government Code

12   §12926, et seq. and §12940 et. seq.

13   18.   As of the commencement of her employment, and at all times hereinafter mentioned,

14   Plaintiff was in all respects qualified for her position.  Plaintiff had, at all times, performed

15   her job duties competently and diligently throughout her employment with Defendant.

16   19.   Plaintiff believes and thereon alleges that her gender and disability was a substantial factor

17   in Defendant's wrongful termination.

18   20.   Plaintiff believes and thereon alleges that similarly situated non-protected employees were

19   treated more favorably.

20   21.   Such employment practices are unlawful and discriminatory and in violation of Government

21   Code Section 12940 et seq., and have resulted in damages and injury to Plaintiff, as alleged

22   herein.

23   22.   As a direct and legal result of Defendant's discrimination and retaliatory actions against

24   Plaintiff herein referenced, Plaintiff has been harmed in that Plaintiff has suffered a loss of

25   past or future earnings, the intangible loss of such employment-related opportunities as

26   experience in the position from which Plaintiff was wrongfully terminated, possible

27   promotion within Defendant corporation, and the enhanced employee benefits and job

28

6

1   security provided by Defendant. As a result of such discrimination and consequent harm,

2   Plaintiff has suffered damages in an amount according to proof.

3   23.   As a further proximate result of Defendant's unlawful and intentional discriminatory action

4   against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered

5   emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional

6   distress. As a result of such discrimination and consequent harm, Plaintiff has suffered such

7   damages in an amount according to proof.

8   24.   Defendant committed the acts herein alleged maliciously, fraudulently and oppressively,

9   with the wrongful intention of injuring Plaintiff and acted with the improper and evil motive

10   amounting to malice and in conscious disregard of Plaintiff's rights.

11   25.   Plaintiff further requests a reimbursement of the costs, including attorney fees, as afforded

12   under applicable law, including pursuant to Government Code sections 12965, 8547.10 and

13   other applicable laws, including but not limited to Code Civ. Proc., §§ 998, 1021.1 and

14   1021.5, and for a contingency fee enhancement beyond the lodestar in accordance with

15   Ketchum v. Moses, 24 Cal. 4th 1122, 104 Cal. Rptr. 2d 377, 17 P.3d 735 (2001), and related

16   authorities.

17   ## SECOND CAUSE OF ACTION

18   ### FAILURE TO TAKE ALL STEPS NECESSARY TO PREVENT

19   ### DISCRIMINATION FROM OCCURRING

20   **Violation of FEHA, Government Code Section 12940(k)**

21   **(Against All Defendants)**

22   26.   As a separate and distinct cause of action, Plaintiff complains and re-alleges all the

23   allegations contained in this Complaint, and incorporates them by reference into this cause

24   of action as though fully set forth herein, excepting those allegations which are inconsistent

25   with this cause of action.

26   27.   Plaintiff has adequately exhausted all of her administrative remedies under FEHA and

27   obtained a "Right to Sue" letter from the Department of Fair Employment and Housing

28

1    against Defendant.

2    28.    Defendant failed to take all reasonable steps necessary to prevent discrimination and
3    harassment of Plaintiff from occurring in violation of Government Code section 12940(k).

4    29.    As a proximate result of Defendant's willful, knowing, and intentional violation(s) of
5    FEHA, Plaintiff has sustained and continues to sustain damages.

6    30.    As a proximate result of Defendant's willful, knowing, and intentional violation(s) of FEHA,
7    Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and
8    physical pain and anguish, all to her damage in a sum according to proof.

9    31.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is
10    presently unaware of the precise amount of these expenses and fees and prays leave of court
11    to amend this complaint when the amounts are more fully known.

12    32.    Plaintiff further requests a reimbursement of the costs, including attorney fees, as afforded
13    under applicable law, including pursuant to *Government Code* sections 12965, 8547.10 and
14    other applicable laws, including but not limited to *Code Civ. Proc.*, §§ 998, 1021.1 and
15    1021.5, and for a contingency fee enhancement beyond the lodestar in accordance with
16    *Ketchum v. Moses*, 24 Cal. 4th 1122, 104 Cal. Rptr. 2d 377, 17 P.3d 735 (2001), and related
17    authorities.

18    **THIRD CAUSE OF ACTION**

19    **RETALIATION**

20    **Violation of FEHA, Government Code Section 12940(h)**

21    **(Against All Defendants)**

22    33.    As a separate and distinct cause of action, Plaintiff complains and re-alleges all allegations
23    contained in this Complaint, and incorporates them by reference into this cause of action as
24    though fully set forth herein, excepting those allegations which are inconsistent with this
25    cause of action.

26    34.    Plaintiff was retaliated against by Defendant by terminating her employment due to her
27    engaging protected activity as alleged above, and belong to a protected class, which is

8
COMPLAINT FOR DAMAGES

28

1    forbidden under FEHA.

2    35.    As a proximate result of Defendant's willful, knowing, and intentional violation(s) of

3    FEHA, Plaintiff has sustained and continues to sustain damages.

4    36.    As a proximate result of Defendant's willful, knowing, and intentional violation(s) of

5    FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and

6    mental and physical pain and anguish, all to her damage in a sum according to proof.

7    37.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is

8    presently unaware of the precise amount of these expenses and fees and prays leave of court

9    to amend this complaint when the amounts are more fully known.

10    38.    Plaintiff further requests a reimbursement of the costs, including attorney fees, as afforded

11    under applicable law, including pursuant to *Government Code* sections 12965, 8547.10 and

12    other applicable laws, including but not limited to *Code Civ. Proc.*, §§ 998, 1021.1 and

13    1021.5, and for a contingency fee enhancement beyond the lodestar in accordance with

14    *Ketchum v. Moses*, 24 Cal. 4th 1122, 104 Cal. Rptr. 2d 377, 17 P.3d 735 (2001), and related

15    authorities.

16    **FOURTH CAUSE OF ACTION**

17    **VIOLATION OF FEHA, GOVERNMENT CODE § 12940(m) –**

18    **FAILURE TO ACCOMMODATE**

19    **(Against All Defendants)**

20    39.    Plaintiff incorporates by reference and realleges paragraphs 1-38 above, as though fully set

21    forth herein.

22    40.    Plaintiff was at all times relevant a person with a disability.

23    41.    Government Code Section 12940(m) requires an employer to provide reasonable

24    accommodations to employees with known disabilities.

25    42.    Defendant Dassault and its employees and/or agents, each of them, independently violated

26    FEHA by refusing to accommodate Plaintiff's disability. Upon learning about Plaintiff's

27    disability requiring accommodations, Defendant Dassault decided to terminate Plaintiff.

28    

9

1    Defendant never agreed to consider Plaintiff's request for accommodations regarding her

2    disability.

3    43.    As a direct result of Defendant's conduct, Plaintiff was harmed and Defendant's conduct and

4    adverse employment actions against Plaintiff were a substantial factor in causing Plaintiff's

5    harm.

6    44.    As a proximate result of Defendant's willful, knowing, and intentional violation(s) of

7    FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings and

8    other employment benefits.

9    45.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is

10    presently unaware of the precise amount of these expenses and fees and prays leave of court to

11    amend this complaint when the amounts are more fully known.

12    <u>**FIFTH CAUSE OF ACTION**</u>

13    **VIOLATION OF FEHA, GOVERNMENT CODE § 12940(n) -**

14    **FAILURE OF EMPLOYER TO ENGAGE IN GOOD FAITH**

15    **INTERACTIVE PROCESS TO DETERMINE EFFECTIVE REASONABLE**

16    **ACCOMMODATIONS**

17    **(Against All Defendants)**

18    46.    Plaintiff incorporates by reference and re-alleges paragraphs 1-45 above, as though fully set

19    forth herein.

20    47.    Government Code Section 12940 (n) requires an employer such as Defendant Dassault to

21    engage in timely, good faith, interactive process with the employee to determine effective

22    reasonable accommodations, if any, in response to a request for reasonable accommodations

23    by an employee.

24    48.    Plaintiff was disabled within the meaning of FEHA, all as alleged herein.

25    49.    Defendant Dassault and its employees and agents violated Government Code Section

26    12940(n) when they failed to participate in an interactive process to reach a reasonable

27    workplace accommodation and when they refused to provide any accommodation for her

28    10

1      disability and simply terminated her instead.

2  50.   Plaintiff was denied accommodations for her disability that would enable her to continue

3      fulfilling her responsibilities. Defendant's conduct and adverse employment actions against

4       Plaintiff were a substantial factor in causing Plaintiff's harm.

5  51.   As a proximate result of said violation of FEHA as alleged herein, Plaintiff has suffered a

6      loss of tangible employment benefits including lost wages and benefits.

7  52.   As a proximate result of the conduct by Defendant, Plaintiff has suffered mental anguish and

8      emotional suffering in an amount in excess of the minimum jurisdiction of this court and

9      according to proof.

10  53.   As a result of said violation of FEHA, Plaintiff was required to and did retain attorneys and

11   is accordingly entitled to an award of attorney's fees according to proof.

12                   **SIXTH CAUSE OF ACTION**

13      **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

14                  **(Against All Defendants)**

15  54.   As a separate and distinct cause of action, Plaintiff complains and re-alleges all allegations

16      contained in this Complaint, and incorporates them by reference into this cause of action as

17      though fully set forth herein, excepting those allegations which are inconsistent with this

18      cause of action.

19  55.   Plaintiff is informed and believes that she was discriminated against, retaliated against, and

20      unlawfully treated, resulting in her termination, despite having no valid grounds for

21      terminating her employment. Discrimination based on gender and disability r is in violation

22      of the public policy of the state of California and the United States prohibiting

23      discrimination on the basis of gender and race, the public policy prohibiting retaliation

24      against an employee for engaging in a protected practice. (42 U.S.C.A. §§ 2000e et seq.;

25      Cal. Const. Art. 1, § 8; Gov. Code, §§ 12940 et seq.; and Gov. Code, § 8547); *Petermann*

26      *v. International Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America,*

27      *Local 396,* 174 Cal. App. 2d 184, 344 P.2d 25 (2d Dist. 1959); *Green v. Ralee Engineering*

28

**EXHIBIT B**

1    *Co.*, 19 Cal. 4th 66, 78 Cal. Rptr. 2d 16, 960 P.2d 1046 (1998).

2    56.    As a result of Defendants' unlawful conduct, Plaintiff has suffered a loss of income and

3    general damages in the nature of emotional distress, all in a sum to be established according

4    to proof at trial.

5    **SEVENTH CAUSE OF ACTION**

6    **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

7    **(Against All Defendants)**

8    57.    As a separate and distinct cause of action, Plaintiff complains and re-alleges all allegations

9    contained in this Complaint, and incorporates them by reference into this cause of action as

10    though fully set forth herein, excepting those allegations which are inconsistent with this

11    cause of action.

12    58.    Plaintiff is informed and believes and thereon alleges that Defendants, by and through its

13    principals, agents and employees conducted themselves unlawfully in violation of public

14    policy and applicable law as described above with conscious disregard of the result or

15    outcome of such act. The unlawful harassment, retaliation, and conduct towards Plaintiff,

16    due to its improper motivations and surrounding circumstances constitute extreme and

17    outrageous conduct by the Defendants, and each of them.

18    59.    Through the outrageous conduct described above, Defendants acted with the intent to cause,

19    and with reckless disregard for the probability of causing Plaintiff to suffer severe emotional

20    distress.

21    60.    At all relevant times, Defendants had actual or constructive knowledge of extreme and

22    outrageous conduct described herein, and condoned, ratified and participated in such

23    extreme and outrageous acts.

24    61.    As a direct and proximate result of Defendants' willful, knowing and intentional acts, and

25    Defendants' failure to act, Plaintiff has suffered and will continue to suffer mental distress

26    and anguish. Plaintiff has suffered and will continue to suffer a loss of earnings, her

27    pension, and other employment benefits and job opportunities. Plaintiff is thereby entitled

28

12

**EXHIBIT B**

1    to general and compensatory damages in amount to be proven at trial.

2    62.    The acts of Defendants, as alleged herein, were done with fraud, oppression and malice,

3    with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose of

4    injuring Plaintiff, with an improper and evil motive amounting to malice, in conscious

5    disregard of Plaintiff's rights.   Plaintiff is therefore entitled to recover punitive damages

6    against Defendants, and each of them.

7    **PRAYER FOR RELIEF**

8    WHEREFORE, Plaintiff further prays that this Court:

9    1.    For back pay, with prejudgment interest, to the date of judgment herein;

10   2.    For front pay, for the period from the date of judgment to the date at which Plaintiff actually

11   reaches a position with earnings equivalent to those which she would have received from Defendant

12   had she continued to work for Defendant and been compensated by Defendant as required;

13   3.    For award of compensatory, consequential, and special damages in amount according to

14   proof at trial;

15   4.    For statutory penalties;

16   5.    For an award of exemplary damages for the purpose of punishing Defendant and deterring

17   its unlawful conduct in the future;

18   6.    For interest on all sums awarded;

19   7.    For reimbursement of the costs, including attorney fees, as afforded under applicable law,

20   including pursuant to *Government Code* sections 12965, 8547.10 and other applicable laws,

21   including but not limited to *Code Civ. Proc.*, §§ 998, 1021.1 and 1021.5, and for a contingency fee

22   enhancement beyond the lodestar in accordance with *Ketchum v. Moses*, 24 Cal. 4th 1122, 104 Cal.

23   Rptr. 2d 377, 17 P.3d 735 (2001), and related authorities; and

24   8.    For such further relief as is appropriate in the interest of justice.

25

26

27

28

**EXHIBIT B**

1   DATED: January 3, 2020                         SANDS & ASSOCIATES

2                                          /s/ Kris Demirjian

3                                          HELENI E. SUYDAM

4                                          KRIS DEMIRJIAN
                                          Attorneys for Plaintiff,

5                                          JULIE ANN STOUT

6

7                        **JURY TRIAL DEMANDED**

8

9            Plaintiff demands trial by jury of all issues so triable.

10

11

12  DATED: January 3, 2020                        SANDS & ASSOCIATES

13                                            /s/ Kris Demirjian

14                                          HELENI E. SUYDAM
                                          KRIS DEMIRJIAN

15                                          Attorneys for Plaintiff,
                                          JULIE ANN STOUT

16

17

18

19

20

21

22

23

24

25

26

27

28
**COMPLAINT FOR DAMAGES**